VIGO & LEE, Plaintiffs in Error, v. BRADFORD & LEWIS, Defendants in Error.

Kansas City Court of Appeals, March 2, 1908.

1. **APPELLATE PRACTICE: Appeal: Statute.** The transcript of the case should be filed in the appellate court thirty days before the term to which the appeal is returnable or a motion to dismiss will prevail.

2. ———: ———: **Error.** A writ of error is a writ of right but is not available to a party who has at the same time an appeal pending in the same cause.

Error to Pettis Circuit Court.—*Hon. Louis Hoffman,* Judge.

APPEAL AND WRIT OF ERROR DISMISSED.

*R. A. Higdon, Lee Montgomery* and *Bente & Wilson* for plaintiffs in error, filed brief on merits.

*W. D. Steele* and *Sangree & Bolling,* for defendants in error, filed no briefs.

Vigo & Lee v. Bradford & Lewis.

BROADDUS, P. J.—This cause is submitted on motion to quash the writ of error and to dismiss the appeal.

On the 4th day of November, 1905, an appeal was granted plaintiffs in this cause and an appeal bond was given in pursuance of the order of the court. Nothing further was done by them in prosecuting their appeal.

On the 23d day of October, 1906, without dismissing this appeal, plaintiffs sued out a writ of error from this court returnable to the first Monday of March, 1907, at which time defendants filed their motion to dismiss the same for the reason that plaintiffs had an appeal pending. At the same time defendants also filed a motion to dismiss the appeal on the ground that the plaintiff had not filed their abstract statement and brief as required by law. More than one year expired after plaintiffs had been granted an appeal before any abstract of the case was filed in this court. Under section 813, Revised Statutes 1899, the transcript should have been filed thirty days before the March term of the court for the year 1906. For the failure of the plaintiffs to comply with the statute the motion to dismiss their appeal is sustained.

In Kehler v. Walls, 118 Mo. App. l. c. 386 it is said: "that a writ of error cannot lawfully issue while an appeal is pending in the same cause." This was an inaccurate statement of the law for a writ of error is a writ of right. It was the purpose of the court to have said; that a writ of error was not available to a party who had at the time an appeal pending in the same cause. The plaintiffs should have dismissed their appeal before resorting to their writ or error. The motion to dismiss the writ of error is also sustained. All concur.